UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEANDRE LAMAR CHILDS,

    Petitioner,

                                                Case No. 17-13464
v.                                          Honorable Nancy G. Edmunds

SHANE JACKSON,

    Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE PETITION,
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Petitioner Leandre Lamar Childs recently filed a *pro se* habeas corpus petition challenging his state convictions for second-degree murder, Mich. Comp. Laws § 750.317, and possession of a firearm during the commission of a felony (felony firearm), Mich. Comp. Laws § 750.227b. He alleges as grounds for relief that state officials did not process the arrest warrant in his criminal case and that the felony complaint was defective. Because these claims do not warrant habeas corpus relief, the Court will dismiss the petition.

**I. Background**

The complaint and attachments indicate that, in 2014, Petitioner was charged in a felony complaint with first-degree murder and felony firearm. Petitioner was tried in Wayne County Circuit Court, and on January 16, 2015, the jury found him guilty of second-degree murder, as a lesser-included offense of first-degree murder, and felony firearm. On February 3, 2015, the trial court sentenced Petitioner to a term of twenty-

five to fifty years in prison for the murder conviction and to a consecutive term of two years in prison for the felony-firearm conviction.

In an appeal as of right, Petitioner argued that the trial court erred in (1) not instructing the jury on self-defense, (2) not fully instructing the jury on the defense of accident, and (3) not defining relevant legal terms. In a supplemental brief, Petitioner argued that the trial court erred in (1) denying his motion to quash the information for lack of sufficient evidence to support the first-degree murder charge and (2) denying his motion for a directed verdict on the first-degree murder charge. The Michigan Court of Appeals found no merit in Petitioner's claims and affirmed his convictions. *See People v. Childs*, No. 326054, 2016 WL 3639901 (Mich. Ct. App. July 7, 2016). On January 31, 2017, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the questions presented to it. *See People v. Childs*, 500 Mich. 933; 889 N.W.2d 271 (2017). The United States Supreme Court denied Petitioner's subsequent petition for a writ of certiorari. *See Childs v. Michigan*, __S. Ct. __, No. 16-9165, 2017 WL 2189101 (U.S. Oct. 2, 2017).

On October 23, 2017, Petitioner filed his habeas corpus petition. He claims that the arrest warrant in his state criminal case was never processed and that the criminal complaint was defective because it did not comply with the Michigan Court Rules. Specifically, Petitioner asserts that the complaint was conclusory and lacked substantive details about the crime. Petitioner also contends that the complaint listed no witnesses, failed to establish that he committed the charged offense, and was not sworn before a magistrate or judge. Petitioner concludes from the alleged defects in

the complaint and the lack of a properly filed arrest warrant that state officials lacked the authority to arrest, charge, try, convict, and sentence him. He maintains that his convictions are void.

## II. Analysis

Petitioner filed his habeas petition under 28 U.S.C. § 2241. To obtain relief from a federal habeas court, a state prisoner must demonstrate that he or she "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Upon receipt of a habeas petition, a federal district court must promptly examine the petition and dismiss the petition if it is clear that the petitioner is not entitled to relief. *Day v. McDonough*, 547 U.S. 198, 207 (2006).

As an initial matter, it does not appear that Petitioner raised his claims in state court, as required by 28 U.S.C. § 2254(b)(1) and *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) (noting that state prisoners must give the state courts an opportunity to act on their claims before they present those claims to a federal court in a habeas corpus petition). Neither one of Petitioner's current claims is mentioned in the Michigan Court of Appeals decision. Thus, Petitioner has not carried his burden of showing that he exhausted state remedies for his claims by raising his claims in state court.

The exhaustion rule, however, is not a jurisdictional requirement. *Castille v. Peoples*, 489 U.S. 346, 349 (1989). The Court therefore proceeds to address the substantive merits of Petitioner's claims.

As noted above, Petitioner contends that there was no felony arrest warrant issued in his state criminal case. To support this claim, Petitioner attached to his

3

habeas petition an unsigned and undated copy of the felony warrant in his case. *See* Pet., Ex. 3. The state court's docket, however, indicates that the warrant was signed on August 29, 2014, and that Petitioner was arraigned on the warrant on September 12, 2014. *See People v. Childs*, No.14-008407-01-FC (Wayne Cty. Cir. Ct.), https://cmspublic.3rdcc.org. To the extent Petitioner asserts that state officials lacked probable cause to arrest and try him, his challenge to the felony warrant lacks merit for the additional reason that an "illegal arrest or detention does not void a subsequent conviction." *Gerstein v. Pugh*, 420 U.S. 103, 119 (1975).

Petitioner also challenges the felony complaint in his case, claiming that the complaint was defective under the Michigan Court Rules and that the state trial court lacked jurisdiction. The alleged violations of the Michigan Court Rules are not a basis for habeas relief because, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). "A federal court may not issue the writ on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Furthermore, whether the state court was "vested with jurisdiction under state law is a function of the state courts, not the federal judiciary." *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976).

### III. Conclusion

Petitioner has failed to show that he is in custody in violation of federal law. Therefore, he is not entitled to habeas corpus relief, and the Court summarily dismisses the petition for a writ of habeas corpus.

The Court declines to issue a certificate of appealability, because reasonable jurists would not disagree with the Court's resolution of Petitioner's claims, nor conclude that the issues presented deserve encouragement to proceed further. *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003). Finally, if Petitioner appeals this decision, he may not proceed *in forma pauperis* on appeal because an appeal would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

Dated: 11/13/17

s/ Nancy G. Edmunds
NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

CERTIFICATION

I hereby certify that a copy of this order was served upon counsel and/or parties of record on this 13th day of November, 2017 by U.S. Mail and/or CM/ECF.

s/ Carol J Bethel
Case Manager